Receipt # 062314

ORIGINAL

FILED
FEB 11 2005
U.S. COURT OF FEDERAL CLAIMS

ECF

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**NO.________________**

**JERRY C. MILLS, D/B/A JCM TIMBER COMPANY** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.:** 05-216C

**UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE; ANN M. VENEMAN, SECRETARY, DEPARTMENT OF AGRICULTURE; DALE BOSWORTH, CHIEF, FOREST SERVICE.** **DEFENDANTS**

**COMPLAINT**

COMES NOW, the Plaintiff, **JERRY C. MILLS, D/B/A JCM TIMBER COMPANY,** and files this, his Complaint against Defendants, **UNITED STATES DEPARTMENT OF AGRICULTURE; UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE; ANN M. VENEMAN, SECRETARY, DEPARTMENT OF AGRICULTURE; DALE BOSWORTH, CHIEF, FOREST SERVICE;** and in support thereof does state:

**PARTIES**

1. The Plaintiff herein, **JERRY C. MILLS, D/B/A JCM TIMBER COMPANY,** (hereinafter identified as **"JCM TIMBER"**) is an adult resident citizen of Perry County, Mississippi.

2. The Defendant herein, **UNITED STATES DEPARTMENT OF AGRICULTURE,** is an executive branch agency of the federal government of the United States of America.

3. The Defendant herein, **UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE,** (hereinafter identified as **"FOREST SERVICE"**) is

a division of the United States Department of Agriculture, named herein as a Defendant.

4. The Defendant herein, **ANN M. VENEMAN, SECRETARY, DEPARTMENT OF AGRICULTURE**, is named in her official capacity as Secretary of Defendant, United States Department of Agriculture.

5. The Defendant herein, **DALE BOSWORTH, CHIEF, FOREST SERVICE**, is named in his official capacity as Chief of the Forest Service, Department of Agriculture.

**JURISDICTION AND VENUE**

6. Suit is being brought against the United States pursuant to **28 U.S.C. §1491** and this Court has venue of this matter in that Plaintiff's claim is founded upon a breach of contract claim with damages prayed for in excess of **$10,000.00**.

**FACTS**

6. On or about March 1, 2000, Defendant, **FOREST SERVICE,** issued a Timber Sale Prospectus for the advertised sale of timber located in the DeSoto National Forest, Chickasawhay Ranger District in Greene County, Mississippi. Attached as Exhibit "A" is a copy of the Timber Sale Prospectus along with the advertisement of same in the Jackson, Mississippi, Clarion Ledger Newspaper.

7. The Bid for Advertised Timber at issue established the following minimum rates per unit of measure for the timber offered for sale:

| | |
|---|---|
| Pine Sawtimber | $129.00 per CCF. |
| Hardwood Sawtimber | $17.00 per CCF. |
| Pine Small Roundwood | $26.00 per CCF. |
| Hardwood Small Roundwood | $1.00 per CCF. |

8. On March 15, 2000, Plaintiff and Defendant, **FOREST SERVICE,** through its agent, Randall W. Smith, entered into a Timber Sale Contract #303599 (hereinafter referred to as

the "Original Contract") located on approximately eight hundred and four (804) acres of the advertised timberland for the following rates:

| | |
|---|---|
| Pine Sawtimber | $138.00 per CCF. |
| Hardwood Sawtimber | $ 18.00 per CCF. |
| Pine Small Roundwood | $ 29.00 per CCF. |
| Hardwood Small Roundwood | $ 3.00 per CCF. |

The total price of the timber sold as referenced under this Original Contract amounted to Three Hundred Forty Thousand and Thirty-Three Dollars ($340,033.00). Further, this Original Contract had an expiration date of November 30, 2002. Attached as Exhibit "B" is a complete copy of the Original Contract.

9. On or about June 16, 2000, Defendant, **FOREST SERVICE,** through its Agent, John Fuquay, Forest Service Representative, Plaintiff accepted a corresponding contract with the Plaintiff of construction of specified roads for access to said timber sold, in the amount of $101,855.09. Attached as Exhibit "C" is a copy of the Specified Roads Contract.

10. On or about October 20, 2000, Plaintiff received a notice from Defendant, **FOREST SERVICE,** stating that the Sierra Club had filed a lawsuit against the Forest Service which included the subject timber contract in said lawsuit. Because of this, Defendant, **FOREST SERVICE,** ordered that all logging be stopped pending court action. Attached as Exhibit "D" is a copy of said letter notice.

11. At the time of the October 20, 2000 letter notice, Plaintiff had already completed construction of the roads under the Specified Roads Contract and had expended considerable funds thereon in the amount of $101,855.09 and the same had been accepted in writing by the **FOREST SERVICE.**

12. Prior to the expiration of the contract, the Plaintiff verbally requested Defendant,

**FOREST SERVICE,** on multiple occasions to suspend the contract, with said request being denied. Then, on or about February 25, 2003, approximately three (3) months after the expiration date of said contract, Defendant, **FOREST SERVICE,** through its agent and contracting officer, Randall W. Smith, sent a certified letter to Plaintiff giving notice that the legal obligations requiring the suspension of subject timber sale had ended and that suspension of subject timber sale was also ended. According to Defendant, the down payment required by contract provision CT4.220 was to be $35,600.00 due by March 25, 2003, and April 11, 2005 was given as the new expiration date. Attached as Exhibit "E" is a copy of said notice.

13. On or about April 16, 2003, counsel for Plaintiff sent a Notice of Claim letter to Randall W. Smith, contracting officer for Defendant, **FOREST SERVICE,** setting forth a formal claim for $178,961.31 which included, among other things, the entire loss of moneys spent by Plaintiff for construction of the Specified Road, lost profits due to the fact that timber prices had fallen in the interim period of the contract suspension, and that the contract process had been mishandled causing the corresponding loss of the entire contract as suffered by Plaintiff. Attached as Exhibit "F" is a copy of said Notice of Claim letter.

14. On or about June 3, 2003, Defendant, **FOREST SERVICE**, through its contracting officer, Randall W. Smith, sent a letter to Plaintiff stating that the Original Contract prices would be modified by agreement between the parties, upon acceptance by Plaintiff of this modification. Attached as Exhibit "G" is a copy of said letter.

15. On or about June 18, 2003, counsel for Plaintiff accepted Defendant's offer regarding the referenced contract rate modification, and stated Plaintiff's willingness to pay the contract down payment upon acceptance of the redetermined rates. Attached as Exhibit "H" is a copy of said letter.

16. On or about July 7, 2003, Defendant, **FOREST SERVICE,** through its contracting officer, Randall W. Smith, sent a formal offer of a modified appraisal of the Original Contract which specified the following modifications to the rates:

| | |
|---|---|
| Pine Sawtimber | $ 92.04 per CCF. |
| Hardwood Sawtimber | $ 31.62 per CCF. |
| Pine Small Roundwood | $ 9.41 per CCF. |
| Hardwood Small Roundwood | $ 3.96 per CCF |

Attached as Exhibit "I" is a copy of said Letter Offer from Defendant, **FOREST SERVICE.** The renegotiated terms as referenced above constitute the terms for the "Renegotiated Contract."

17. On or about July 11, 2003, Defendant, **FOREST SERVICE,** through its contracting offer, Randall W. Smith, sent a demand letter to Plaintiff demanding that the amount of the February 25, 2003 bill of $35,600.00 with interest and costs, be paid and that failure to do so would constitute a material breach of the "Contract". Attached as Exhibit "J" is a copy of said demand letter.

18. On or about August 1, 2003, Plaintiff paid the above bill totaling $36,421.33 to Defendant, **FOREST SERVICE,** and in so doing, and in conjunction with his letter of June 18, 2003 letter as noted in Paragraph 15, accepted the terms of the redetermined rates offered by Defendant on June 7, 2003, and the Renegotiated Contract with the above terms as modified and as agreed upon, was thereby established. Attached as Exhibit "K" is a copy of Plaintiff's wire transfer of said funds.

19. On or about May 7, 2004, Defendant, **FOREST SERVICE,** through a second contracting officer, Lynn D. Corbitt, sent to Plaintiff, a redetermination of the Renegotiated Contract rates which were much higher than those agreed upon by the parties in 2003, and which was entitled "Agreement to Modify Contract" with the new rates as follows:

| | |
|---|---|
| Pine Sawtimber | $138.00 per CCF. |
| Hardwood Sawtimber | $ 18.00 per CCF. |
| Pine Small Roundwood | $ 11.91 per CCF. |
| Hardwood Small Roundwood | $ 3.00 per CCF. |

Attached as Exhibit "L" is a copy of said letter and Agreement.

20. On or about May 21, 2004, counsel for Plaintiff responded to Defendant's new "Offer" with a letter to Lynn D. Corbitt, contracting officer, and advised that Plaintiff had already accepted the original offer of July 7, 2003 and sought status of the pending claim. Attached as Exhibit "M" is a copy of said letter.

21. On or about July 7, 2004, contracting officer for Defendant, Lynn D. Corbitt, responded to Plaintiff's May 21, 2004 letter with a puzzling denial that Defendant had ever possessed any authority to do rate redeterminations, although Defendant's May 7, 2004 letter set forth, as cited in Paragraph 19, explicit rate redeterminations which were made over and against the original redeterminations on June 7, 2003 which had already been offered by Defendant and accepted by Plaintiff. Attached as Exhibit "N" is a copy of said letter.

22. At the present, Defendant, **FOREST SERVICE,** refuses to abide by the terms of the Renegotiated Contract with the terms of June 7, 2003, as it is so required, and as a result, Plaintiff has been damaged thereby.

**COUNT ONE**
**BREACH OF CONTRACT**

23. Plaintiff re-alleges each and every paragraph previously pled as if specifically pled herein.

24. The Defendant, **FOREST SERVICE,** through the actions of its agents, contracting officer, Randall W. Smith, and contracting officer, Lynn D. Corbitt, has knowingly and willfully breached the Renegotiated Contract which consisted of an offer by

Defendant for the renegotiated contract terms after expiration of the original contract, acceptance by Plaintiff of those terms and sufficient consideration given by Plaintiff through his foregoing of his Claim for damages incurred under the Original Contract in exchange for acceptance of the Renegotiated Contract, by its failure to abide by the terms of the Renegotiated Contract and instead, claim that the unacceptable and un-bargained for rates of the May 7, 2004 letter were operative.

25. As a result of said breach, Plaintiff has and continues to be deprived of his benefits under the contract, all to his detriment.

WHEREFORE, Plaintiff demands judgment of and from the Defendant, **FOREST SERVICE,** in the amount of $101,855.09 for his cost of construction of the road (the Specified Roads Contract), plus an additional sum for his interest on the construction cost, his loss of interest on his down payment, road construction taxes paid to the State of Mississippi, labor and equipment costs, timber cruise, his lost profit, and attorney's fees and all costs of court.

**COUNT TWO**
**SPECIFIC PERFORMANCE**

26. Plaintiff re-alleges each and every paragraph previously pled as if specifically pled herein.

27. Plaintiff avers that Defendant should abide by the terms of the Renegotiated Contract and Specific Performance of same is sought under its terms since there exist no bars in equity to such a remedy as Plaintiff is ready and willing to abide by the terms of the renegotiated contract rates for the timber at issue and Defendant has made no assertions of economic hardship in abiding by the renegotiated and agreed upon rates.

28. Plaintiff asserts this count of Specific Performance in the alternative to his

Claim for damages under Count Two.

WHEREFORE, Plaintiff demands judgment of and from the Defendant, **FOREST SERVICE,** in the amount of $101,855.09 as compensatory damages for his cost of construction of the road (the Specified Roads Contract), plus an amount for the breach of contract of the Renegotiated Contract including damages his interest on the construction cost, his loss of interest on his down payment, road construction taxes paid to the state of Mississippi, labor and equipment costs, timber cruise, his lost profit, and attorney's fees and all costs of court, and such other relief as may be proper in the premises;

In the alternative, Plaintiff prays that this Court will grant Specific Performance of the Renegotiated Contract to be enforced according to its terms, and that no equitable bars exist so as to preclude enforcement of same, along with his costs of $101,855.09 as compensatory damages for his cost of construction of the road (the Specified Roads Contract), his interest on the construction cost, his loss of interest on his down payment, road construction taxes paid to the State of Mississippi, labor and equipment costs, timber cruise, and attorney's fees and all costs of court, and such other relief as may be proper in the premises;

RESPECTFULLY SUBMITTED, this the 28th day of ~~November~~ January, ~~2004~~ 2005.

Jerry C Mills

JERRY MILLS, Plaintiff

PREPARED BY:
AL SHIYOU
ATTORNEY-AT-LAW
P. O. BOX 310
HATTIESBURG, MS 39403
(601) 583-6040
MSB NO. 6760

AL SHIYOU, Attorney for Plaintiff