United States Department of Agriculture | Forest Service | National Forest in Mississippi | 100 West Capitol Street, Suite 1141, Jackson, MS 39269, 601-965-4391

File Code: 2450

Date: November 12, 2004

EXHIBIT "4"
4th page of 9

JCM Timber Company
4219 Highway 63 North
Richton, MS 39476

Re: Claim for Out-of-pocket Expenses for Compartment 447 Timber Sale, Contract # 303599

**CERTIFIED, RETURN RECEIPT REQUESTED**

Dear Mr. Mills:

This is the Contracting Officer's final decision on your claim received on June 17, 2003 pursuant to the Contract Disputes Act, Pub. L. 95-563, under the Compartment 447 Timber Sale, Contract # 303599.

1. PREFACE AND DIGEST:

| | |
|---|---|
| Decision Identification Number. | CDA-08-04-6 |
| Location of Sale: | |
| Region | Region 8 |
| National Forest | Desoto NF |
| Ranger District | Chickasawhay |
| Sale Information: | |
| Purchaser Name | JCM Timber Company |
| Award Date | March 15, 2000 |
| Original Termination Date | November 30, 2002 |
| Extended Termination Date | November 30, 2007 |
| Contract Number | 303599 |
| Sale Name | Compartment 447 |
| Contract Form | R8-2400-6T (10/73) |

Claim Summary:

Claim was received from Purchaser on April 17, 2003 for damages incurred as a result of interruption which began on October 20, 2000 of all timber-cutting and other operations on the Compartment 447 timber sale. Total claim is for $178,961.31. The claim consisted of eight elements.



Caring for the Land and Serving People
Printed on Recycled Paper

| | | |
|---|---|---|
| 1) | Cost of Road Construction | $ 101,855.09 |
| 2) | Interest on Construction Cost | $ 16,095.42 |
| 3) | Lost Interest on Down Payment | $ 3,125.80 |
| 4) | Road Taxes due to the State of Miss. | $ 4,245.00 |
| 5) | Labor and Equipment Costs | $ 2,640.00 |
| 6) | Timber Cruise | $ 1,000.00 |
| 7) | Lost Profit | $ 40,000.00 |
| 8) | Attorney Fees | $ 10.000.00 |
| Total Claim | | $ 178,961.31 |

Disposition of Claim:

Based upon information provided in the claim received April 17, 2003, I conclude that not all of the expenses are out-of-pocket and are not a direct result of the interruption or delay; the claim is sustained in part.

EXHIBIT 4
5th page of 9

2. PURCHASER'S CLAIM:

Purchaser's timber sale Compartment 447 (Contract # 303599) was interrupted pursuant to the Order of the United States District Court for the Northern District of Georgia, dated effective as of May 16, 2001, Action No 1:00-CV_1755_CAP. This project was one of 23 projects identified in the Sierra Club v. Estill litigation. The Purchaser claims that the decision of the District Court, and subsequent related suspension issued October 20, 2000 by Randall W. Smith, Contracting Officer, and that pursuant to Section CT6.01(b) of the timber sale contract for the Compartment 447 timber sale; the interruption of the contract was "to comply with a court order, issued by a court of competent jurisdiction" and was made upon the written request of the Contracting Officer. Purchaser further claims that during the suspension he was prevented from cutting timber under the sale and that the Forest Service indicated to Purchaser that the contract was being extended and that ultimately Purchaser would be able to complete the contract. Therefore, Purchaser claims that under provision CT 6.01(b) of the contract, Purchaser is entitled to "out-of-pocket expenses incurred as a direct result of interruption or delay of operations under this provision when such an interruption or delay exceeds 30 days during Normal Operating Season." Purchaser claims that he has limited the claim to actual losses suffered as a direct result of the interruption of the contracts.

3. FINDINGS:

The Compartment 447 timber sale contract # 303599 was awarded to JCM Timber Company on March 15, 2000. The Compartment 447 contract is Form R8-2400-6T (10/73).

A. Contract Requirements.

The pertinent part of Standard Provision CT6.01 – INTERRUPTION OR DELAY OF OPERATIONS. (10/96) states the Purchaser agrees to interrupt or delay operations under this contract, in whole or in part, upon the written request of the Contracting Officer:

(b) To comply with a court order, issued by a court of competent jurisdictio or

Purchaser agrees that in the event of an interruption under this Subsection tha its sole and exclusive remedy shall be:

(i) Contract Term Adjustment pursuant to BT8.21 or

(ii) When such interruptions or delay exceed 30 days during Normal Operating Season, Contract Term Adjustment pursuant to BT8.21, plus out-of-pocket expenses incurred as a direct result of interruption or delay of operations under this Subsection.

Out-of-pocket expenses do not include lost profits, attorney's fees, replacement cost of timber, or any other anticipatory losses suffered by the Purchaser. Purchaser agrees to provide receipts or other documentation to the Contracting Officer that clearly identify and verify actual expenditures.

EXHIBIT 6 page of

B. Facts.

A letter dated October 20, 2000 was sent to JCM Timber Company notifying him of an Order Based Upon Joint Stipulated Settlement Agreement by the United States District Court for the Northern District of Georgia - Atlanta Division in Sierra Club, et al. v. Estell, et al. to cease all logging and road-building activities, including tree-cutting on 23 projects, (of which this sale was included) except for demobilization activities. The letter further stated that in order to comply with the Order, Compartment 447 Contract # 303599 is being suspened Pursusant to contract provision CT6.01 (a) and that logging will not be allowed to proceed pending action by the Court.

A letter dated February 25, 2003 was sent to JCM Timber Company notifying him that the legal obligation that required suspension of his timber sale had ended and that contract operation may resume once he restores the balance of his down payment required by contract provision CT4.220. He was also informed that his Contract Termination date, etc. would be adjusted as well. A letter dated July 29, 2004 was sent to JCM Timber Company giving him an opportunity to up-date his claim, he chose not to do so.

C. Analysis.

1. Cost of Road Construction .......... $101,855.09

I am **denying** this portion of your claim for road construction cost because the road cost was considered during our appraisal process, and this cost was reflected by lower advertised rates (CT 6.01 (c) (ii).

2. Interest on Construction. . . . . . . . . . . $16,095.42

I am **denying** **for now** this portion of your claim for interest because your records submitted shows that the interest claimed was not a direct result of