delaying your timber sale (CT 6.01 (c) (ii). If you provide more substantive documentation at a later date, I will reconsider this decision.

EXHIBIT "4" 8th page of 9

3. Loss of interest on down payment . . . . $ 3,125.80

I am **denying** this portion of your claim for interest because your records submitted shows that this interest is an anticipatory loss (CT 6.01 (c) (ii). You may submit a claim at a later date once this loss becomes an actual out-of pocket expense.

4. Road construction taxes State of Miss. . . $4,245.00

I am **denying** this portion of your claim for taxes because your records submitted shows that the taxes owed to the State of Mississippi didn't result from the delay of your timber sale. Furthermore, the document you submitted was a bill and not a receipt (CT 6.01 (c) (ii).

5. Labor and Equipment cost . . . . . . . . . . .$2,640.00

I am **accepting** this portion of your claim in full as a move-in and move-out cost.

6. Timber Cruise . . . . . . . . . . . . . . . . . . . . . $1,000.00

I am **denying** this portion of your claim because this cost was not a direct result of the delay of your timber sale (CT 6.01 (c) (ii).

7. Lost Profit . . . . . . . . . . . . . . . . . . . . . . . . $40,000.00

I am **denying** this portion of your claim because CT Provision CT6.01 (c) (ii) of your timber sale contract list lost profits as **not** being an Out-of-pocket expense.

8. Attorney Fees . . . . . . . . . . . . . . . . . . . . . $10,000.00

I am **denying** this portion of your claim because CT Provision CT6.01 (c) (ii) of your timber sale contract list Attorney's Fees as **not** being an Out-of-pocket expense.

Note: Forest Service Representative, John Fuquay was consulted to determine if element number 5 was reasonable.

4. DECISION:

Based on the Findings of Facts and decision rendered for each of the eight claim elements submitted; I find that JCM Timber Company is entitled to recover for one out of the eight elements totaling **$2.640.00**.

5. CONCLUDING INFORMATION:

This is the final decision of the Contracting Officer. This decision may be appealed to the Agriculture Board of Contract Appeals.

If you decide to make such an appeal, you must mail or otherwise furnish written notic thereof to the Agriculture Board of Contract Appeals within 90 days from the date you receive this decision. A copy thereof shall be furnished to the Contracting Officer from whose decision appeal is intended, shall reference this decision, and identify this contra by number. In lieu of appealing to the Agriculture Board of Contract Appeals, you may bring an action directly in the Court of Federal Claims within 12 months of the date you receive this decision.

In the event you appeal this decision to the Agriculture Board of Contract Appeals, you may request that the Board process this appeal under the accelerated procedures (41 U.S.C. 601, et seq., section 7f).

A copy of your claim is attached.

EXHIBIT "4
8th page of 9

Lynn D. Corbitt
LYNN D. CORBITT
Contracting Officer
Name: Lynn D. Corbitt
Address: 100 W. Capital St., Suite 1141
Jackson, MS 39269
Telephone Number: (601) 965-4391; ext. 129

Date: 11/12/04

EXHIBIT "5"
1st page of 1

STATE OF MISSISSIPPI
COUNTY OF FORREST

**AFFIDAVIT**

PERSONALLY APPEARED before me, the undersigned **JERRY C. MILLS**, whom after being duly sworn states:

My name is Jerry C. Mills. I am the owner of JCM Timber Company, and Plaintiff in a contract dispute with the United States Forest Service.

On March 15, 2000, prior to submitting my bid in conjunction with the corresponding timber contract, I was verbally assured by Mr. Jerry Holliday, Road Engineer and Inspector for the Forest Service, that the Forest Service would supply me with timber credits in conjunction with building the roads required in this contract. I took the statements of Mr. Holliday to mean that the latter units of this sale would be paid from credits given upon completion and acceptance by Mr. Holliday of the required roads. I relied on Mr. Holliday's assurances that I would receive timber credits if I elected to build the specified roads.

FURTHER, AFFIANT SAYETH NOT.

Jerry C Mills

JERRY C. MILLS

SWORN TO AND SUBSCRIBED before me, ~~this the~~ 15th day of August, 2005.

Susan D Moore

NOTARY

(SEAL)

SUSAN D. MOORE NOTARY PUBLIC

My Commission Expires: MY COMMISSION EXPIRES MARCH 10, 2007