**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JERRY C. MILLS, D/B/A/, JCM TIMBER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-216C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION TO DISMISS COUNT TWO OF THE COMPLAINT**

Pursuant to Rules 7.1(c) of the Rules of United States Court of Federal Claims ("RCFC") and this Court's September 8, 2005 Order, defendant, the United States, respectfully submits its reply to plaintiff's opposition to defendant's motion for summary judgment, or, in the alternative, motion to dismiss count two of the complaint.

In our initial motion, we established that the United States was entitled to summary judgment on the complaint because the express terms of the contract and the regulations did not permit a modification of rates upon the conditions described by the plaintiff, Jerry C. Mills, doing business as JCM Timber Company ("plaintiff" or "JCM Timber"). Further, we established that JCM Timber could not demonstrate the elements of a valid modification. Finally, we established that this Court lacks jurisdiction to consider the second count of JCM Timber's complaint. JCM Timber's opposition fails to successfully rebut these arguments.

Accordingly, we respectfully request that this Court grant the United States summary judgment, or, in the alternative, dismiss the second count of JCM Timber's complaint for lack of subject matter jurisdiction.

## ARGUMENT

### I. JCM Timber Misapprehend's The Government's Argument Regarding The Limitations Contained In The Express Language of The Contract

From the outset, JCM Timber misapprehends the Government's argument. The Government did not argue that the contracting officer generally lacked the authority to modify the contract. Rather, the Government argued that the parties are bound by the express terms of the contract, and that the contracting officer's actions must be consistent with the express terms of the contract. Thus, if the contract expressly provides that a "Contract Term Adjustment" and out-of-pocket expenses incurred as a "direct" result of interruption or delay are to be the "sole and exclusive remedy" for suspended performance of the contract, Compl. App. B46, ¶ CT 6.01, the contracting officer may only provide a "Contract Term Adjustment" and out-of-pocket expenses incurred as a "direct" result of interruption or delay as a remedy for suspended performance of the contract. Similarly, if the contract allows for a modification of rates only 1) pursuant to a scheduled rate redetermination, 2) because of environmental modifications under the Forest and Rangeland Renewable Resource Planning Act of 1974 (16 U.S.C. § 1600), or 3) after catastrophic damage to the timber, Compl App. B34-B35, ¶¶ CT3.31, CT3.312, CT3.32, rates may only be modified in such instances.

The Government argued that these express contractual provisions were consistent with regulation, but did not rely exclusively upon these regulations to limit the contracting officer's authority to modify rates. Compare 36 C.F.R. § 223.112 (2004) with 36 C.F.R. § 223.112(b) (2003). It is generally true, however, that a contracting officer lacks the authority to contract except in accordance with regulation. It is well settled that the United States is only contractual

bound by the actions of a Government agent with actual authority to enter into a binding contract in its behalf.

> It is a well recognized principle of procurement law that the contracting officer, as agent of the executive department, has only that authority actually conferred upon him by statute or regulation. If, by ignoring statutory and regulatory requirements, he exceeds his actual authority, the Government is not estopped to deny the limitations on his authority, even though the private contractor may have [relied] on the contracting officer's apparent authority to his detriment, for the contractor is charged with notice of all statutory and regulatory limitations.

CACI, Inc. v. Stone, 990 F.2d 1233, 1236 (Fed. Cir. 1993), quoting Prestex, Inc. v. United States, 162 Ct. Cl. 620, 625, 320 F.2d 367, 371 (1963); see Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947); Johnson Mgmt. Group CFC, Inc. v. Martinez, 308 F.3d 1245, 1255-1257 (Fed. Cir. 2002); Jascourt v. United States, 207 Ct. Cl. 955, 956, cert. denied, 423 U.S. 1032 (1975); R. NASH, JR. & J. CIBINIC, JR., FORMATION OF GOVERNMENT CONTRACTS 64 (2d ed. 1986). Even setting aside the express language of the contract and focusing solely upon the regulations, it is clear that the contracting officer could not modify the rates after a suspension.

Plaintiff, however, argues that the present case is analogous to Broad Ave. Laundry & Tailoring v. United States, 681 F.2d 746 (Ct. Cl. 1982). Broad Ave. Laundry is easily distinguishable from the present case. In Broad Ave. Laundry, a contracting officer for the Department of the Army made a mistake of law in interpreting Department of Labor regulations, and, accordingly, made an erroneous modification to the plaintiff's contract. Id. at 747. The Government had argued that this error of law made the modification invalid, as it was outside of the scope of the contracting officer's authority. Id. The United States Court of Claims rejected this assertion, and held that the Government was estopped from repudiating the contracting

officer's erroneous modification due to an incorrect idea of the law. Id. at 748.

Broad Ave. Laundry involved a contracting officer's mistake of law in interpreting a different agency's regulations, not an erroneous interpretation of the contracting officer's own regulations concerning his authority. In the present case, even assuming that the contracting officer intended to modify the contract rates, his agency's regulations did not permit the modification of such rates except in certain limited instances. The contract itself did not allow for a modification of rates except in certain instances. The present case involves more than a mere error of law in interpreting another agency's regulations. Adopting JCM Timber's analysis would permit a contracting officer to bind the United States while exceeding the authority conferred upon him by regulation, and ignoring the express language of the contract at issue. The Court of Claims expressly rejected this scenario. The court in Broad Ave. Laundry limited its holding, noting that its conclusion "cannot be carried too far. The orders must be within the officer's subject matter jurisdiction. . . . The order must not be contrary to any express authority limitations." Broad Ave. Laundry, 681 F.2d at 749. Accordingly, Broad Ave. Laundry is not applicable to the present case. See generally Appeal of Heritage Reporting Corp., 99-2 BCA ¶ 30,474, ASBCA No. 51,755 (1999).

Because plaintiff fails to demonstrate that the express language of the contract or the regulations permit the recovery sought in the complaint, this Court should enter summary judgment in favor of the United States.

## II. JCM Timber Cannot Demonstrate The Elements Of A Valid Modification

In its opposition, JCM Timber still fails to demonstrate the existence of an unambiguous offer and acceptance. The language of the correspondence sent by the contracting officer

demonstrates that when the Forest Service was prepared to modify the contract, the contracting officer would send JCM Timber a separate agreement to modify, to be signed by both of the parties. In JCM Timber's opposition, plaintiff posits that the May 7, 2004 agreement to modify somehow converts the July 7, 2003 letter into an offer after the fact. The May 7, 2004 agreement, however, contained different rates from those quoted in the July 7, 2003 letter, and thus could not be viewed as transforming the previous letter into an offer.

Further, JCM Timber fails to demonstrate that there was any consideration for the alleged modification, other than fulfilling its pre-existing obligations. As noted in our original motion, the payment of a pre-existing obligation does not constitute valid consideration. See Gardiner, Kamya, & Associates, P.C. v. Jackson, 369 F.3d 1318, 1322 (Fed. Cir. 2004) (citing Restatement (Second) of Contracts § 73 (1981)).

Finally, JCM Timber does not contest that it failed to harvest any timber in the time period between the initial alleged modification and the subsequent valid modification. In its response to the proposed findings of fact, JCM Timber refuses to admit that it harvested no timber, but it also does not allege that it did harvest any timber during this period, nor does it cite to any evidence to contradict or cast doubt upon the Declaration of Robert Smiley. See Resp. PFUF ¶ 52. Pl. Mot. App. 20-21. Accordingly, JCM Timber fails to demonstrate that it has been damaged by the alleged initial modification.

## III. JCM Timber's New Assertion, That It Received Assurances Of Agents Of The Defendant That It Would Receive Credit For Road Construction, Would Not Be Ripe For Review

In JCM Timber's opposition, plaintiff for the first time asserts that Jerry Holliday, a road engineer and inspector for the Forest Service, orally assured JCM Timber that it would receive

timber credits in conjunction with road building, contrary to the express language of the solicitation. JCM Timber fails to explain how a road engineer and inspector would have any authority to verbally modify the express language of the solicitation. Generally, a prior oral agreement is invalid and unenforceable when it conflicts with or varies the terms of the written contract. Prestex, Inc. v. United States, 3 Cl. Ct. 373, 378 (1938). See also Hazeltine Corp. v. United States, 10 Cl Ct. 417 (1986). Further, the solicitation expressly stated that "neither the bid form (and any attachments) nor the sample contract can be orally modified," Compl. App. at A-17, ¶ 22, and the contract notes that any modifications require a "written agreement." Compl. App. B-18, ¶ BT8.3. Accordingly, any verbal representations by the road engineer would have no bearing upon the contract terms.

Nevertheless, even assuming that JCM Timber's assertion was correct, and assuming that a road engineer may verbally modify the terms of the solicitation and contract, and that the solicitation and contract was so modified, JCM Timber's claim would not be ripe for review. If JCM Timber is correct, JCM Timber would be capable of receiving timber credits for road building expenses. JCM Timber may begin harvesting timber at any time prior to the expiration of the contract to receive such credit. The contract has not been terminated. Indeed, the contract does not expire until November 30, 2007. PFUF ¶ 59 (Def. App. 19).[1]

---

[1] It is unclear if JCM Timber has admitted that the contract expiration date is November 30, 2007. While JCM Timber's response to the proposed findings purports to admit this finding, the response contains a typographical error, noting that the current expiration date is "November 30, 1997." Resp. PFUF ¶ 59. Because the solicitation was not even issued until March 1, 2000, it makes little logical sense that the contract would have a termination date almost three years prior to its existence. Further, JCM Timber claimed to "agree" with the Government's finding, and did not propose any amendment to the finding. Id. Even assuming that JCM Timber was proposing an alternative termination date, it provides no support or citations for the proposition that the current contract termination date would be November 30, 1997.

Accordingly, JCM Timber's assertions regarding it entitlement to "credit" for its road building expenses would not be ripe for review.

## IV. JCM Timber Does Not Contest That This Court Lacks Subject Matter Jurisdiction Under The Tucker Act To Entertain The Second Count (Specific Performance) Of JCM Timber's Complaint

In its opposition, JCM Timber does not contest the Government's argument that the Court of Federal Claims is without jurisdiction over claims for specific performance. See First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999) (reaffirming that the United States Court of Federal Claims "cannot grant nonmonetary equitable relief such as an injunction or a declaratory judgment, or specific performance."). As noted in our initial motion, with certain strictly limited exceptions, there is no provision in the Tucker Act authorizing this Court to order equitable relief. See United States v. King, 395 U.S. 1, 4 (1969) ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'"). But see 28 U.S.C. § 1491(b)(2) (permitting the Court of Federal Claims to grant declaratory and injunctive relief in bid protest actions). In its opposition, JCM Timber does not allege that its claim falls into one of these limited exceptions; it merely continues to assert a claim based upon the breach of an alleged contract. Nor does JCM Timber assert that its request for specific performance is "ancillary and collateral" to its claim for money damages. See 28 U.S.C. § 1491(a)(2). Accordingly, in the alternative, this Court should dismiss the second count of JCM's complaint for lack of subject matter jurisdiction.

## CONCLUSION

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may

deem just and proper. In the alternative, defendant requests that the Court dismiss the second count of plaintiff's complaint for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
steven.mager@usdoj.gov

September 20, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 20th day of September 2005, a copy of the foregoing "Defendant's Reply To Plaintiff's Opposition to Motion For Summary Judgment Or, In The Alternative, Motion To Dismiss Count Two Of The Complaint" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice